IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND

TIEMOKO COULIBALY, et al.     :

   v.                         :   Civil Action No. DKC 10-3517

                              :
J.P. MORGAN CHASE BANK,
N.A., et al.                  :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is Plaintiff's "Memorandum in Support of Motion to Recuse Judge Deborah Chasanow Under 28 U.S.C. [§] 144 with Supporting Affidavit of Facts." (ECF No. 58). The court now rules, no hearing deemed necessary. Local Rule 105.6. For the following reasons, Plaintiff's motion will be denied.

**I. Background**

Plaintiffs Tiemoko Coulibaly and Fatou Gaye-Coulibaly are would-be homeowners. Defendants are various parties who were involved in the purchase and financing of their home. Plaintiffs contend that Defendants' actions caused them to lose this home, burdened them with thousands of dollars in debt, prompted an audit from the Internal Revenue Service, and cost them the chance to become the President and First Lady of Côte d'Ivoire.

Defendants filed several motions to dismiss. (ECF Nos. 8, 12, 13, 14, 18, 20, 28). Plaintiffs filed a motion for sanctions against three of the defendants (ECF No. 47) and a motion that the court construed as a motion for leave to amend (ECF No. 53). On August 8, 2011, the court issued a Memorandum Opinion (ECF No. 54) and Order (ECF No. 55), which granted in part and denied in part the motion to dismiss filed by Defendant J.P. Morgan Chase Bank, N.A. ("J.P. Morgan"), granted all of the remaining motions to dismiss, and denied Plaintiffs' motions for sanctions and for leave to amend. J.P. Morgan filed an answer to Plaintiffs' complaint on August 22, 2011 (ECF No. 56), and a Scheduling Order was entered on August 23, 2011 (ECF No. 57). On September 12, 2011, Plaintiff filed the pending motion to recuse. (ECF No. 58).

**II. Motion to Recuse**

Pursuant to 28 U.S.C. § 144, Plaintiffs move for recusal of the undersigned "because she cannot be **an impartial arbiter** in this case," even going so far as to suggest that the undersigned may be "colluding with Defendants and their attorneys." (ECF No. 58, at 1) (emphasis in original). In general, Plaintiffs complain about the analysis and outcome of the August 8th Memorandum Opinion and Order.

Section 144 of Title 28 provides, in pertinent part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceedings.

28 U.S.C. § 144. To be legally sufficient, an affidavit "must allege *personal* bias or prejudice caused by an extrajudicial source other than what the judge has learned or experienced from [her] participation in the case." *Sine v. Local No. 992 Int'l Bhd. of Teamsters*, 882 F.2d 913, 914 (4th Cir. 1989) (emphasis in original) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966); *Shaw v. Martin*, 733 F.2d 304, 308 (4th Cir. 1984); *Fitzgerald v. Penthouse Int'l, Ltd.*, 691 F.2d 666, 672 (4th Cir. 1982)). The "judge against whom an affidavit under § 144 is filed must pass upon the legal sufficiency of the facts alleged," and "[i]t is equally h[er] duty . . . to deny the relief claimed on account of the facts stated in the affidavit if they are legally insufficient, as it is to grant relief if they are sufficient." *Sine*, 882 F.2d at 914 (citing *Simmons v. United States*, 302 F.2d 71, 75 (3d Cir. 1962)). In this analysis, "[a] judge's actions or experience in a case or related cases or attitude derived from h[er] experience on the bench do not constitute a basis to allege personal bias." *Id.* at 915 (citing *Shaw*, 733 F.2d at 308). Indeed, on their own,

3

judicial rulings "almost never constitute a valid basis for a bias or partiality motion."  *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Here, Plaintiffs' motion appears to be a motion, memorandum, and affidavit, all rolled into one document.  A *very* generous reading of Plaintiffs' filing suggests that the affidavit portion begins on page 9.[1]  After the conclusion to the motion/memorandum/affidavit, Plaintiffs include a section titled "Declaration Under Penalty of Perjury," which reads "Plaintiffs declare under penalty of perjury that the foregoing and the facts stated herein are true and correct."  (ECF No. 58, at 50). Their signatures appear in this subsection.

This affidavit is not proper.  *See Molinaro v. Watkins-Johnson CEI Div.*, 359 F.Supp. 474, 476 (D.Md. 1973) ("[T]he affidavit is strictly construed against the affiant, for a judge is presumed to be impartial. . . . The affidavit, to be sufficient, must identify and carefully delineate time, place, persons, occasions, and circumstances supporting the belief of bias or prejudice.").  Not only does the affidavit substantively fail to specify "time, place, persons, occasions, and circumstances supporting the belief of bias or prejudice," it

---

[1] Later references in the filing, however, suggest that an affidavit was supposed to be separately attached to the motion. Despite a diligent review, no such document could be located.

4

fails to comply with basic form requirements that § 144 demands, including "a certificate of counsel of record stating that it is made in good faith."  28 U.S.C. § 144.

Even if the affidavit were proper, Plaintiffs still do not make out a case for recusal.  Over the course of nearly fifty pages, Plaintiffs dissect the court's August 8th Memorandum Opinion and Order, identifying portions of the Memorandum Opinion with which they disagree.[2]  The gravamen of Plaintiffs' allegations of bias end there, however.  Plaintiffs do not proffer any facts that would remotely suggest that there have been any *extrajudicial* instances involving the undersigned and any of the parties that would give rise to a whiff of impropriety.[3]  The fact that Plaintiffs are unhappy about the outcome of the motions filed in this case to date is not a valid basis for recusal.

---

[2] For example, one subheading in Plaintiffs' filing reads: "Judge Deborah Chasanow Made Grave Mistakes on Essential Factual Background of the Negotiation and Sale Contract by Ignoring Exhibits and Statements in the Complaint Even if Plaintiffs Have Established Materiality."  (ECF No. 58, at 26).

[3] At best, Plaintiffs allege that the conclusions in the August 8th Memorandum Opinion and Order were founded upon information that came from an extrajudicial source. (*See, e.g.*, ECF No. 58, at 6, 10-11).  Even if this allegation were true, it is not the sort of extrajudicial interaction that § 144 contemplates.  Rather, § 144 is intended to prohibit judges from presiding over cases in which they have a *personal* bias or prejudice that originated from outside of the court's proceedings.  *See Sine*, 882 F.2d at 914.

5

Accordingly, Plaintiffs' motion to recuse will be denied.[4]

**III. Conclusion**

For the foregoing reasons, the motion to recuse filed by Defendants Tiemoko Coulibaly and Fatou Gaye-Coulibaly will be denied. A separate order will follow.

/s/<br>
DEBORAH K. CHASANOW<br>
United States District Judge

---

[4] To the extent that Plaintiffs intended to bring this motion pursuant to 28 U.S.C. § 455 (see ECF No. 58, at 25), their motion must still be denied. Section 455(a) provides that a judge "shall disqualify h[er]self in any proceeding in which h[er] impartiality might reasonably be questioned." The critical question presented by this subsection "'is not whether the judge is impartial in fact. It is simply whether another, not knowing whether or not the judge is actually impartial, might reasonably question h[er] impartiality on the basis of all the circumstances.'" *United States v. DeTemple*, 162 F.3d 279, 286 (4th Cir. 1998), *cert. denied*, 526 U.S. 1137 (1999) (quoting *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 41 (4th Cir. 1995); *Aiken Cnty. v. BSP Div. of Enviro-tech Corp.*, 866 F.2d 661, 679 (4th Cir. 1989)). As with § 144, "[a]lleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from h[er] participation in the case." *Shaw*, 733 F.2d at 308. In this case, Plaintiffs have not alleged any bias or prejudice stemming from an extrajudicial source, and more specific to § 455, a reasonable, well-informed observer could not reasonably question the court's impartiality in this matter based on Plaintiffs' allegations.