IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND

TIEMOKO COULIBALY, et al.      :

                               :

     v.                        :   Civil Action No. DKC 10-3517

                               :

J.P. MORGAN CHASE BANK, N.A.,
et al.                         :

### MEMORANDUM OPINION AND ORDER

On December 16, 2010, Plaintiffs Tiemoko and Fatou Gaye-Coulibaly filed a fifteen-count *pro se* complaint against nine named defendants and unspecified "John and Jane Doe Defendants" related to the purchase and financing of their home in Silver Spring, Maryland. (ECF No. 1). Plaintiffs successfully served eight of the nine named defendants, each of which filed a motion to dismiss. By a memorandum opinion and order issued August 8, 2011, all but two of Plaintiffs' claims were dismissed. (ECF Nos. 54, 55). The court described the two surviving claims, under the Equal Credit Opportunity Act, as follows:

> [T]he court will allow Plaintiffs to proceed with their claims [against Defendant J.P. Morgan Chase Bank, N.A.,] under [15 U.S.C. §] 1691(d)(1) related to their March 2009 and January 2010 loan modification applications. . . . Plaintiffs may also proceed with their Section 1691(d)(1) claim related to the notice of adverse action they received in response to their March 2009 loan modification application.

(ECF No. 54, at 45).[1]

Displeased with that outcome, Plaintiffs filed a "memorandum in support of motion to recuse" in which they dissected the prior opinion, identified portions with which they disagreed, and alleged that the court erred with respect to those portions due to improper bias. (ECF No. 58). That motion was denied by a memorandum opinion and order issued on September 16. (ECF Nos. 59, 60).

On December 9, Plaintiffs filed a 50-page "motion for reconsideration under Rule 54(b) of [the court's] order of August 8, 2011 and for *sua sponte* summary judgment under Rule 56 on all undisputed and undisputable evidences [sic] of fact." (ECF No. 61). That motion essentially rehashed the arguments raised in Plaintiffs' voluminous papers opposing the motions to dismiss, as well as the motion to recuse, and requested entry of summary judgment in their favor as to the dismissed claims. The court construed that motion as a motion to reconsider under Rule 54(b) and denied it as untimely pursuant to Local Rule 105.10. (ECF No. 62).

On December 22, Plaintiffs filed the pending 50-page "motion for reconsideration of [the court's] order of August 8, 2011 and for *sua sponte* summary judgment under Rule 56 on all

---

[1] By the same opinion and order, the court denied Plaintiffs' motions for sanctions and for leave to file an amended complaint.

undisputed and undisputable evidences [sic] of fact." (ECF No. 63). As the title and length of this motion might suggest, Plaintiffs have essentially cut-and-pasted large portions of their prior motion to reconsider and removed all references to Rule 54(b), which they appear to believe was the basis of the court's denial of the previous motion. They are mistaken.

In denying Plaintiffs' prior motion for reconsideration, the court explained:

> Pursuant to Local Rule 105.10, "[e]xcept as otherwise provided in Fed. R. Civ. P. 50, 52, 59, or 60, any motion to reconsider any order issued by the Court shall be filed with the Clerk not later than fourteen (14) days after entry of the order." As Plaintiffs have moved for reconsideration of an interlocutory order, their motion is governed by Federal Rule of Civil Procedure 54(b). *See Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469-70 (4th Cir. 1991). Because their motion was not filed within fourteen days, it is untimely.

(ECF No. 62, at 1). Thus, Plaintiffs' motion was denied not because of their citation to Rule 54(b) – indeed, that is the rule that applies to a motion to reconsider an interlocutory order – rather, it was denied because Rule 54 motions are subject to the fourteen-day filing requirement of Local Rule 105.10. While the court has discretion to suspend application of this rule for good cause, *see* Local Rule 604, Plaintiffs have not shown good cause here, nor could they. Even considered on

its merits, their motion could not prevail because they seek either to relitigate the same issues addressed by the opinion deciding the motions to dismiss or to introduce new arguments that they failed to raise previously. These are not appropriate grounds for reconsideration. *See IFCO Systems North America, Inc. v. American Home Assur. Co.*, 797 F.Supp.2d 660, 669 (D.Md. 2011). In sum, Plaintiffs' motion is both untimely and without merit.

Accordingly, it is this 28th day of December, 2011, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiffs' motion for reconsideration (ECF No. 63) BE, and the same hereby IS, DENIED; and

2. The clerk will transmit copies of this Memorandum Opinion and Order directly to Plaintiffs and to counsel for Defendants.

> _____/s/_____
> DEBORAH K. CHASANOW
> United States District Judge