IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TIEMOKO COULIBALY, et al.          :

    v.                              :   Civil Action No. DKC 10-3517

JP MORGAN CHASE BANK, N.A.          :

**MEMORANDUM OPINION AND ORDER**

On September 7, 2012, summary judgment was entered in favor of Defendant JP Morgan Chase Bank, N.A., and against Plaintiffs Tiemoko and Fatou Gaye-Coulibaly. Plaintiffs appealed that decision to the United States Court of Appeals for the Fourth Circuit, which summarily affirmed. *See Coulibaly v. JP Morgan Chase Bank, N.A.*, No. 12-2230, 2013 WL 1811879 (4th Cir. May 1, 2013). After the denial of Plaintiffs' motion for rehearing *en banc*, the appellate mandate issued on June 6, 2013.

On June 20, Plaintiffs, proceeding *pro se*, filed a motion for leave to proceed *in forma pauperis*, which they apparently viewed as a prerequisite to obtaining court-appointed counsel. (ECF No. 103). They separately filed a motion for appointment of counsel on the same date. (ECF No. 104). Noting that there were "no matters before this court . . . as to which Plaintiffs would need *in forma pauperis* status or counsel," both motions were denied on July 1. (ECF No. 105). Two days later,

Plaintiffs filed the pending motion for reconsideration, purporting to clarify that they seek the appointment of counsel "for assistance in the preparation and filing . . . [of] a future Motion Rule 60 [sic] for Relief from the Final Order[.]" (ECF No. 106, at 2).

Because Plaintiffs seek reconsideration of a non-final, interlocutory order, their motion is properly analyzed under Fed.R.Civ.P. 54(b).  *See* Fed.R.Civ.P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action . . . and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").  The precise standard governing a motion for reconsideration of an interlocutory order is unclear.  Although the standards articulated in Rules 59(e) and 60(b) are not binding in an analysis of Rule 54(b) motions, *see Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003), courts frequently look to these standards for guidance in considering such motions, *Akeva L.L.C. v. Adidas Am., Inc.*, 385 F.Supp.2d 559, 565-66 (M.D.N.C. 2005).  The Akeva court recognized that

> [p]ublic policy favors an end to litigation and recognizes that efficient operation requires the avoidance of re-arguing questions that have already been decided. Most courts have adhered to a fairly narrow

> set of grounds on which to reconsider their interlocutory orders and opinions. Courts will reconsider an interlocutory order in the following situations: (1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice.

*Id.* (citations omitted); *see also Beyond Sys., Inc. v. Kraft Foods, Inc.*, No. PJM-08-409, 2010 WL 3059344, at *1-2 (D.Md. Aug. 4, 2010) (applying this three-part test when evaluating a motion for reconsideration under Rule 54(b)).

Plaintiffs have not addressed any grounds for reconsideration, nor does any appear to apply. Rather, they merely assert that they intend to file a Rule 60(b) motion at some point in the future, failing to identify the argument they intend to raise. "[I]t is well settled that in civil actions the appointment of counsel should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Whether exceptional circumstances are presented depends on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. District Court*, 490 U.S. 296, 298 (1989). Indeed, counsel should only be appointed where "a pro se litigant has a colorable claim but lacks the capacity to present it[.]" *Id.* Plaintiffs have not presented any claim – colorable or otherwise – and they have demonstrated their

ability to represent themselves throughout these extended proceedings. Insofar as Plaintiffs may wish to raise a new employment discrimination claim – *i.e.*, to raise issues not specifically raised in the complaint they filed in this case – they must do so by filing a new complaint in a new case. The instant case has been closed since September 2012, and relief under Federal Rule of Civil Procedure 60(b) is narrowly confined to the circumstances set forth in that provision.

Accordingly, it is this 10th day of July, 2013, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiffs' motion for reconsideration (ECF No. 106) BE, and the same hereby IS, DENIED; and

2. The clerk is directed to transmit copies of this Memorandum Opinion and Order directly to Plaintiffs.

>	_____/s/_____
>	DEBORAH K. CHASANOW
>	United States District Judge