IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TIEMOKO COULIBALY, et al.    :

    v.    :    Civil Action No. DKC 10-3517

JP MORGAN CHASE BANK, N.A.,
et al.    :

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Tiemoko Coulibaly and Fatou Gaye-Coulibaly, proceeding *pro se*, commenced this action on December 16, 2010, by filing a complaint against numerous defendants, asserting fifteen claims related to the purchase and financing of their home. Several motions to dismiss followed. On April 28, 2011, Plaintiffs filed a motion for sanctions against Defendants JP Morgan Chase Bank, N.A. ("Chase"), Fannie Mae, and Simcox and Barclay, LLP, setting forth a list of alleged "lies" contained in motion papers, arguing that this misconduct constituted "fraud upon [the] [c]ourt," and seeking the referral of three attorneys to the Maryland Attorney Grievance Commission. (ECF No. 47, at 2).

By a memorandum opinion and order issued August 8, 2011, all but two claims were dismissed and Plaintiffs' motion for sanctions was denied. In denying the motion for sanctions, the court explained, in part:

> The various 'lies' and 'frauds on the court' that Plaintiffs cite amount to mere disagreements over legal and factual positions taken by the Sanctions Defendants. Those positions are far from being so unreasonable as to amount to sanctionable conduct. Indeed, as has already been explained, most of the Sanctions Defendants' positions have merit.

*Coulibaly v. JP Morgan Chase Bank, N.A.*, Civ. No. DKC 10-3517, 2011 WL 3476994, at *23 (D.Md. Aug. 8, 2011). Observing that it had, on two prior occasions, cautioned Plaintiffs against "reflexively filing" motions "consisting of ungrounded accusations," the court advised that "[f]urther misuse of filings by Plaintiffs will be met with sanctions." *Id*.

Plaintiffs, however, were undeterred. They responded by moving for recusal of the undersigned judge, suggesting, *inter alia*, that the court "collud[ed] with Defendants and their attorneys." (ECF No. 58, at 1). When that motion was denied, they filed a motion for reconsideration of the August 8 order, seeking to relitigate arguments previously raised in their motions to dismiss and for recusal. Following the denial of that motion, Plaintiffs filed yet another motion for reconsideration, which essentially cut-and-pasted large portions of the initial motion to reconsider. When that motion was denied, Plaintiffs filed an interlocutory appeal to the United States Court of Appeals for the Fourth Circuit, which was later dismissed.

Following discovery, Chase moved for summary judgment as to the two remaining claims. By a memorandum opinion and order entered September 7, 2012, that motion was granted. Plaintiffs again appealed to the Fourth Circuit, which summarily affirmed. *See Coulibaly v. JP Morgan Chase Bank, N.A.*, 526 Fed.Appx. 255 (4th Cir. 2013).

On September 5, 2013, Plaintiffs filed the pending motion to set aside the judgment in this case pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 108).[1] In support of their motion, they recount, essentially verbatim, the "long list of evidence of lies, intentional misrepresentation, [and] deceptions [of the] lawyers" set forth in their prior motion for sanctions, as well as the "mistakes of material facts made . . . by the [c]ourt as a direct consequence" of this conduct, as they argued in their motion for recusal (ECF No. 108-1, at 1-2), and complain of "similar tactics of lies" that allegedly "prevent[ed] Plaintiffs [from] obtain[ing] [] Chase's loan file during discovery" (*id*. at 15). They further assert a number of arguments regarding conduct that was not set forth in any pleading in this case.

Rule 60(b) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a

---

[1] Plaintiffs also filed a motion to stay finality of judgment pending resolution of their Rule 60(b) motion. (ECF No. 111). That motion will be denied as moot.

final judgment, order, or proceeding" on any of the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b). To prevail on such a motion, the moving party must meet certain "threshold conditions." *National Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993). Specifically, it must be shown that "the party filing the motion have a meritorious claim or defense and that the opposing party not be unfairly prejudiced by having the judgment set aside." *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011) (citing *National Credit Union*, 1 F.3d at 264). Only if those threshold conditions are met does the analysis proceed to the second stage of inquiry, in which the movant must satisfy one or more of the six grounds for relief set forth in Rule 60(b)(1)-(6). *See*

4

*Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). "The remedy provided by [Rule 60(b)] . . . is extraordinary and is only to be invoked upon a showing of exceptional circumstances." *Compton v. Alton Steamship Co.*, 608 F.2d 96, 102 (4th Cir. 1979).

Plaintiffs cannot prevail on the instant motion because they have not presented a meritorious claim. Rather, their motion consists largely of arguments previously asserted in prior motions for sanctions, for recusal, and for reconsideration. These arguments have been considered and rejected on multiple prior occasions and those decisions have been affirmed on appeal by the Fourth Circuit. Plaintiffs are not permitted to relitigate them in the context of a Rule 60(b) motion. *See CNF Constructors, Inc. v. Donohoe Const. Co.*, 57 F.3d 395, 401 (4th Cir. 1995) ("reconsideration of legal issues already addressed in an earlier ruling" is "not authorized by Rule 60(b)"). To the extent that the motion addresses claims not previously raised, it consists wholly of conclusory allegations of misconduct unsupported by any evidence, *see Schultz v. Butcher*, 24 F.3d 626, 630 (4th Cir. 1994) (motion pursuant to Rule 60(b)(3) must "prove misconduct by clear and convincing evidence"), and new facts not related to any pleading in this case. If Plaintiffs wish to assert these novel claims, they may do so by filing a new complaint in a new case, accompanied by the filing fee or a properly supported petition

for leave to proceed *in forma pauperis*. They may not, however, raise those claims in this case, which has now been closed for over eighteen months.

ACCORDINGLY, it is this 13th day of March, 2014, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiffs' motion to set aside judgment pursuant to Rule 60(b) (ECF No. 108) BE, and the same hereby IS, DENIED;

2. Plaintiffs' motion to stay finality of judgment (ECF No. 111) BE, and the same hereby IS, DENIED AS MOOT; and

3. The clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel for Defendants and directly to Plaintiff.

>_____/s/_____
> DEBORAH K. CHASANOW
> United States District Judge