```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
                                     :
TIEMOKO COULIBALY, et al.
                                     :
    v.                               :    Civil Action No. DKC 10-3517
                                     :
JP MORGAN CHASE BANK, N.A.
                                     :
```

**MEMORANDUM OPINION AND ORDER**

Following a ruling on various motions to dismiss, the sole remaining claims in this case were against Defendant JP Morgan Chase Bank, N.A. ("Chase").  On February 6, 2012, Chase moved for summary judgment as to those claims (ECF No. 74), and that motion was granted by a memorandum opinion and order dated September 7, 2012 (ECF Nos. 93, 94).  The case was terminated on the same date.  Plaintiffs appealed from the final judgment (ECF No. 95) and the United States Court of Appeals for the Fourth Circuit affirmed (ECF No. 99).  The appellate mandate took effect on June 6, 2013.  (ECF No. 102).

On September 5, 2013, Plaintiffs filed a motion to alter or amend judgment (ECF No. 108), which was followed, on October 17, 2013, by a motion to stay execution of the judgment pending resolution of the Rule 60(b) motion (ECF No. 111).  Those motions were addressed by a memorandum opinion and order issued March 13, 2014, in which the court explained that the Rule 60(b)

motion "consist[ed] largely of arguments previously asserted in prior motions for sanctions, for recusal, and for reconsideration[, which had] . . . been considered and rejected on multiple prior occasions and those decisions have been affirmed on appeal by the Fourth Circuit." (ECF No. 113, at 5). Accordingly, the Rule 60(b) motion was denied and the motion for stay was denied as moot.

On March 24, Plaintiffs filed yet another motion to alter or amend judgment – this time pursuant to Fed.R.Civ.P. 59(e). (ECF No. 117).[1] Several weeks later, Plaintiffs noted an appeal from the denial of the prior Rule 60(b) motion and the motion to

---

[1] Four days prior to filing this motion, Plaintiffs moved for an extension of time in which to file it, apparently believing that they had ten days from the date of the underlying ruling to move for reconsideration. (ECF No. 114). That motion will be denied as moot in light of the fact that Rule 59(e) applies if a motion for reconsideration is filed within twenty-eight days of the underlying order, which Plaintiffs' motion clearly was. *See Almy v. Sebelius*, 749 F.Supp.2d 315, 337 (D.Md. 2010) ("A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e)"). At around the same time, Plaintiffs filed a "second motion to present their apologies" to the court (ECF No. 115), which does not present an issue for consideration and will be denied. Plaintiffs also filed a motion for authorization to file electronically. (ECF No. 116). The court's local rules do not provide for *pro se* parties, such as Plaintiffs, to obtain CM/ECF passwords that would permit them to file electronically. Only attorneys who are members in good standing of the bar of the court, or are otherwise entitled to practice before the court by statute or local rule, may be granted CM/ECF passwords in civil cases. *See* Local Rule 102.1.d. Accordingly, this motion will also be denied.

stay execution, which has not yet been docketed by the Fourth Circuit pending resolution of the motion for reconsideration.

Courts have recognized three limited grounds for granting a motion for reconsideration under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not previously available; or (3) to correct clear error of law or prevent manifest injustice.  *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).  A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  *Pacific Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright, et al., Federal Practice and Procedure § 2810.1, at 127– 28 (2d ed. 1995)).

Plaintiffs do not address any of the grounds for reconsideration under Rule 59(e).  Instead, their motion either rehashes arguments that have previously been raised and discredited at various points of this litigation or, in one instance, claims entitlement to relief under a cause of action that was never pleaded.  These are not valid grounds for reconsideration.

ACCORDINGLY, it is this 13th day of June, 2014, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiffs' motions to alter or amend judgment (ECF No. 117), to "present their apologies" (ECF No. 115), and for authorization to file electronically (ECF No. 116) BE, and the same hereby ARE, DENIED;

2. Plaintiffs' motion for extension of time (ECF No. 114) BE, and the same hereby IS, DENIED AS MOOT;

3. The clerk is directed promptly to provide notice to the appellate court upon docketing this Memorandum Opinion and Order; and

4. The clerk is further directed to transmit copies of this Memorandum Opinion and Order to counsel for Defendant Chase and directly to Plaintiffs.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge